**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SCOTT MADLINGER, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| CERTIFIED CREDIT & COLLECTION BUREAU, | |
| Defendant. | |

Plaintiff SCOTT MADLINGER (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant CERTIFIED CREDIT & COLLECTION BUREAU (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant CERTIFIED CREDIT & COLLECTION BUREAU ("CCCB" or "Defendant") is a New Jersey Corporation with

its principal place of business located at 69 Readington Road, Somerville, New Jersey 08876.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent one or more letters and/or notices from Defendant which included the same or substantially similar debt verification language to that contained in Exhibit A and/or B.

- The Class period begins September 26, 2019 . The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. On or about September 17, 2018 and on or about December 12, 2018, Plaintiff allegedly incurred more financial obligations to Southern Ocean County Hospital ("SOCH") related to medical services. ("the Debts").

17. The Debts each arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. Each Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. SOCH is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to January 9, 2020, SOCH either directly or through intermediate transactions assigned, placed or transferred the Debts to Defendant for collection.

21. At the time the Debts were assigned, placed or transferred to Defendant, Each Debt was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated September 26, 2019 concerning the September 17, 2018 Debt, which sought to collect an amount owed of $58.35. Attached as Exhibit A is a copy of the September 26, 2019 collection letter.

23. Defendant also caused to be delivered to Plaintiff a letter dated January 9, 2020 concerning the December 12, 2018 Debt, which sought to collect an amount owed of $166.50. Attached as Exhibit B is a copy of the January 9, 2020 collection letter.

24. The September 26, 2019 and January 9, 2020 collection letters were each Defendant's initial communication to Plaintiff with respect to the respect debts.

25. The September 26, 2019 and January 9, 2020 collection letters were each sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. The September 26, 2019 and January 9, 2020 collection letters were each a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the September 26, 2019 and January 9, 2020 collection letters.

28. The September 26, 2019 and January 9, 2020 letters each provided:

```
Unless you notify this office within 30 days after receiving this notice
that you dispute the validity of the debt or any portion thereof, this
office will assume this debt is valid. If you notify this office in
writing within 30 days from receiving this notice, this office will:
obtain verification of the debt or obtain a copy of a judgment and mail
you a copy of such verification or judgment. If you request this office
in writing within 30 days after receiving this notice, this office will
provide you with the name and address of the original creditor, if
different from the current creditor.
```

("Debt Verification Language")

29. As the September 26, 2019 and January 9, 2020 collection letters were each Defendant's initial written communications with Plaintiff, they were required to

comply with the debt verification provision of section 1692g of the FDCPA.

30. Section 1692g provides:

**(a) Notice of debt; contents.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that **the debt, or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

31. Defendant's Debt Verification Language failed to comply with section 1692g(a)(4) since it failed to include the language, "the debt, or any portion thereof is disputed" or the equivalent regarding the consumer's dispute rights.

32. Defendant's failure to include a proper section 1692g(a)(4) disclosure in its Debt Verification Language deprived the least sophisticated of his or right to dispute the debt since it failed to provide the consumer a proper notice of his or her verification rights.

33. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

34. Plaintiff suffered actual harm by being the target of Defendant's

misleading debt collection communications.

35. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

36. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

37. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

38. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

39. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

40. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

41. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

42. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete

injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

43. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

44. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

45. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

46. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

47. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By failing to properly communicate debt verification rights; and

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

48. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A and/or B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

49. Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if the same were set forth at length.

50. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

51. By sending a collection letter, the same as or substantially similar to the September 17, 2018 and on or about December 12, 2018 collection letters, Defendant violated:

   A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

   B. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

   C. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

   D. 15 U.S.C. §1692g by failing to provide Plaintiff with his statutory verification rights.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
            September 26, 2020

>                               Respectfully submitted,
>
>                               By: s/ Lawrence C. Hersh
>                                   Lawrence C. Hersh, Esq.
>                                   17 Sylvan Street, Suite 102B
>                                   Rutherford, NJ  07070
>                                   (201) 507-6300
>                                   *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 26, 2020              By: s/ Lawrence C. Hersh
                                           Lawrence C. Hersh, Esq

EXHIBIT A



**CERTIFIED CREDIT & COLLECTION**

PO Box 1750
Whitehouse Station, NJ 08889

888.750.9500

```
TOLL FREE 888-287-0500
DATE: SEP 26 2019
RE:   SOUTHERN OCEAN CTY HOS OP MERIDIAN
PATIENT: SCOTT MADLINGER
ACCOUNT #        3069
DATE OF SERVICE: 09/17/18

FILE #        106
```

SCOTT MADLINGER

The above account has been placed with us for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Kindly remit payment with the bottom portion of this statement.

WE ACCEPT
ALL MAJOR CREDIT CARDS

VERY TRULY YOURS,

CERTIFIED CREDIT
& COLLECTION BUREAU

**PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT**

#201LS

```
CLIENT:   SOUTHERN OCEAN CTY HOS OP MERI
ACCOUNT #        3069
DATE: SEP 26 2019
FILE #        106
BALANCE DUE: 58.35
```

SCOTT MADLINGER

CALL OUR 24 HOUR AUTOMATED CUSTOMER SERVICE 800-354-4744
OR VISIT OUR WEBSITE: WWW.CERTIFIEDCCB.COM
New York City Department of Consumer Affairs License Number: 2006955-DCA

EXHIBIT B



**CERTIFIED**
CREDIT & COLLECTION

PO Box 1750
Whitehouse Station, NJ 08889

888.750.9500

TOLL FREE 888-287-0500
DATE: JAN 09 2020
RE:   SOUTHERN OCEAN CTY HOS OP MERIDIAN
PATIENT: SCOTT MADLINGER
ACCOUNT #          8658
DATE OF SERVICE: 12/12/18

SCOTT MADLINGER

FILE #         257

The above account has been placed with us for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Kindly remit payment with the bottom portion of this statement.

WE ACCEPT
ALL MAJOR CREDIT CARDS

VERY TRULY YOURS,

CERTIFIED CREDIT
& COLLECTION BUREAU

**PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT**

#201LS

SCOTT MADLINGER

CLIENT:   SOUTHERN OCEAN CTY HOS OP MERI
ACCOUNT #         658
DATE: JAN 09 2020
FILE #         257
BALANCE DUE:  166.50

CALL OUR 24 HOUR AUTOMATED CUSTOMER SERVICE 800-354-4744
OR VISIT OUR WEBSITE: WWW.CERTIFIEDCCB.COM
New York City Department of Consumer Affairs License Number: 2006955-DCA